CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 2 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| JOHN W. TUTTLE,  )  <br>  )  <br> Plaintiff,  )  <br>  )  <br> v.  )  <br>  )  <br> JOHN McHUGH,  )  <br>  )  <br> Defendant.  )  <br>  ) | Civil Action No. 7:10-cv-00219 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. James C. Turk <br> Senior United States District Judge |

This case comes before the Court on Defendant's Motion to Dismiss, or, in the alternative, for Summary Judgment (Dkt. No. 3). Plaintiff John W. Tuttle ("Tuttle") brought this action under the Age Discrimination in Employment Act ("ADEA"), United States Code, Title 29, Section 621, *et seq.*, alleging that he was not promoted because of Defendant's age discrimination, and that he endured workplace retaliation because of an earlier age discrimination claim he filed against Defendant. Tuttle seeks damages of $600,000, attorney fees, pre- and post-judgment interest, and lost pay. Tuttle responded to Defendant's Motion to Dismiss, or, in the alternative, for Summary Judgment with a Memorandum in Opposition (Dkt. No. 9), and Defendant replied (Dkt. No. 12). The Court heard oral argument on October 20, 2010, and the matter is now ripe for decision. For the reasons set forth in this Memorandum Opinion, Defendant's Motion for Summary Judgment is **GRANTED**.

I. **Factual Background and Procedural History**

Before retiring on August 31, 2009, Tuttle worked as an Information Technology ("IT") Specialist, YA2210-02, assigned to PEO-EIS US Army, Acquisition, Logistics and Technology,

Enterprise Systems and Services, ("ALTESS"), Systems Engineering Division at the Radford, Virginia Armory.

On April 5, 2008, Tuttle filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that ALTESS discriminated against him on the basis of his age by not selecting him for the position of Enterprise Systems Division Chief. *See Tuttle v. Green*, No. ARBELVOIR08FEB00892, 2009 WL 3184393, at *1 (E.E.O.C. 2009). The EEOC found that, while Tuttle had established a *prima facie* case of age discrimination because the person hired was younger than Tuttle, ALTESS had articulated legitimate, nondiscriminatory reasons for its actions which Tuttle failed to demonstrate were pretextual. *Id.* Accordingly, an EEOC administrative judge dismissed Tuttle's age discrimination complaint on February 27, 2009. *Id.* The EEOC affirmed the dismissal on September 17, 2009. *Id.* at *4.

While the original EEO complaint was still pending, ALTESS announced a vacancy for a Supervisory IT Specialist position on January 22, 2009. Tuttle submitted his resume and timely applied for the position. All applications for the position were processed by the Army's automated recruiting system, RESUMIX. As explained by other courts,

> The Resumix system is an automated referral system. It uses state-of-the-art optical character recognition software and a patented skills extraction system to read resumes and identify the best qualified applicants. The system extracts skills, education, and work history data from resumes and matches applicant data with job search criteria to determine a pool of applicants that are qualified for the position.

*Jamil v. White*, 192 F.Supp.2d 413, 415 n.2 (D.Md. 2002). The RESUMIX system searches and sorts the resumes for certain "required skills" and certain "desired skills" from the job description. RESUMIX then ranks the applicants according to those criteria. A list of the best qualified applicants is sent to a selection panel that selects one person to recommend to the final

selecting official. The recommended candidate is either approved or disapproved, and only then is the job offer made.

In this case, ALTESS listed the "required skills" as: Security Policies, System Security, and Risk Assessment. The "desired skills" were: Security Administration, Network Security, Information Security, System Design, Policy Development, Security Standards, Requirements Analysis, and Network Design. Furthermore, ALTESS assigned different weights to these skills, with a larger Delegated Examining Unit ("DEU") giving more weight. Skills with a larger DEU number were considered more valuable to ALTESS. In this case, the DEUs were: Risk Assessment (6), System Security (5), Security Policies (4), Information Security (3), System Design (2), and Network Security (1). The RESUMIX system did *not* analyze any candidate's age.

On March 6, 2009, the Human Resources Specialist responsible for the job vacancy generated a RESUMIX list of nine candidates best satisfying the search parameters. RESUMIX did not include Tuttle on the list of candidates from which the IT Supervisor position would be filled. Of the nine candidates, age documentation is available for five. The ages of those five at the time were: 33, 46, 48, 56, and 57. ALTESS selected the 48 year old candidate to fill the position.

On May 19, 2009, Tuttle filed another complaint with the EEOC alleging age discrimination with regard to the IT Supervisor position and retaliation stemming from his first EEO complaint in 2008. On June 30, 2009, an EEO investigator held a fact finding conference at which Tuttle did not testify. On October 13, 2009, Tuttle noticed his intent to file suit.

On October 30, 2009, the EEO investigator concluded that ALTESS had articulated credible legitimate, nondiscriminatory reasons for its actions in this case capable of withstanding

3

scrutiny. The EEOC entered its final administrative decision in favor of ALTESS on March 4, 2010. Tuttle filed the instant suit on May 28, 2010.

Count One of Tuttle's complaint alleges that Tuttle was the most qualified applicant for the IT Supervisor position, Complaint, ¶ 33, and that ALTESS's "sole reliance on the RESUMIX program and refusal to consider Tuttle under any other selection tool constitutes the use of RESUMIX as a pretext for discrimination based upon the Plaintiff's age." Complaint, ¶ 35. Count Two of Tuttle's complaint alleges that ALTESS management retaliated against him after he filed his initial EEO complaint, Complaint, ¶ 38, by using only the RESUMIX system to select a candidate for the IT Supervisor position. Complaint, ¶ 52. Count Two further alleges that management retaliated by denying Tuttle's access to meetings which he was previously expected to attend and by blocking Tuttle's access to information previously provided to him that was necessary for Tuttle to perform his job competently. Complaint, ¶ 38.

## II. Standard of Review

Rule 12(d) of the Federal Rules of Civil Procedure provides that if matters outside of the pleadings are presented to and not excluded by the court in a motion to dismiss, the court must treat the motion as one for summary judgment. Fed. R. Civ. Pro. 12(d) (2008)[1]; *see Wilson-Cook Medical, Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991) (converting a motion to dismiss into a motion for summary judgment applies only to a motion made pursuant to Rule 12(b)(6)).

In considering whether to grant summary judgment, the Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the non-moving party.

---

[1] Federal Rule of Civil Procedure 12(d) states as follows:

> Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. Pro. 12(d) (2008).

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Nguyen v. CNA Corp.*, 44 F.3d 234, 236-7 (4th Cir. 1995). Summary judgment is proper where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when a rational factfinder, considering the evidence in the summary judgment record, could find in favor of the non-moving party. *Ricci v. DeStefano*, 129 S.Ct. 2658, 2677 (2009). Summary judgment should be entered if the Court finds, after a scrupulous review of the record, that no reasonable jury could return a verdict for the non-moving party. *See Evans v. Technologies Applications & Service Co.*, 80 F.3d 954 (4thCir. 1996).

"The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The non-moving party must produce "significantly probative evidence" from which a reasonable jury could return a verdict in his favor. *Abcor Corp. v. AM International, Inc.*, 916 F.3d 924 (4th Cir. 1990). In responding to a motion for summary judgment, a plaintiff cannot rest on mere allegations. *Anderson*, 477 U.S. at 248. "Threadbare recitals of the elements of a cause of action, supported by conclusory statements do not suffice." *Williams v. Family Serv. of Roanoke Valley*, 2009 WL 3806333, at *4 (W.D.Va. 2009). "The summary judgment inquiry . . . scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial. *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993). Unsworn statements, including unsworn pleadings, do not meet the requirements of Rule 56(e). *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n. 17 (1970).

Federal law requires Tuttle to make an affirmative proffer of evidence to survive a Motion for Summary Judgment. Rule 56(e) of the Federal Rules of Civil Procedure clearly states that

> [w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response *must*—by affidavits or as otherwise provided in this rule—set our specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. Pro. 56(e)(2) (2010) (emphasis added).

The Supreme Court has interpreted this provision to mean that when a defendant brings a properly supported motion for summary judgment, "the plaintiff *must* present affirmative evidence" to survive the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

## III. Analysis

### A. Age Discrimination Claim

The Age Discrimination in Employment Act ("ADEA") forbids an employer to "refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a) (2008). To establish an ADEA discrimination claim, a plaintiff must prove "that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 129 S.Ct. 2343, 2350 (2009); *see EEOC v. Clay Printing Co.*, 955 F.2d 936, 940 (4th Cir.

1992) ("In order to establish a cause of action under the ADEA, a plaintiff must demonstrate that *but for* the employer's motive to discriminate against the plaintiff on the basis of age, the plaintiff would not have been [adversely affected].") (emphasis added); *see also Williams*, 2009 WL 3806333, at *4. A plaintiff cannot simply rely on the fact that the employer hired a person younger than plaintiff; the plaintiff "is responsible for isolating and identifying the specific employment practices" that discriminated on the basis of age. *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 232 (2005). Therefore, Tuttle must establish that ALTESS used a "specific test, requirement, or practice" that adversely affected him because of his age to succeed on his claim. *Id.*

Upon review of the pleadings, briefs, and exhibits, it is clear that Tuttle has not established a claim of discrimination against ALTESS such that a reasonable jury could return a verdict in his favor. Tuttle asserts that ALTESS's use of the RESUMIX computer program alone to generate a qualified-candidate pool constitutes a pretext for its discriminatory hiring decision, Complaint, ¶¶ 22, 35, and that this discriminatory use of only the RESUMIX program in generating a qualified-candidate pool was the but for cause of Tuttle being denied the IT Supervisor position. However, the RESUMIX system did not consider age in generating the qualified-candidate pool. Indeed, ALTESS knew the ages of only five of the nine people ultimately selected by RESUMIX, and their ages were not entered into the RESUMIX program. In this case, it is uncontroverted that the RESUMIX program itself was completely age-neutral. Tuttle has submitted no evidence from which a reasonable jury could find that ALTESS somehow discriminated against Tuttle because of his age by using an *age-neutral* computer program to screen applicants.

1992) ("In order to establish a cause of action under the ADEA, a plaintiff must demonstrate that *but for* the employer's motive to discriminate against the plaintiff on the basis of age, the plaintiff would not have been [adversely affected].") (emphasis added); *see also Williams*, 2009 WL 3806333, at *4. A plaintiff cannot simply rely on the fact that the employer hired a person younger than plaintiff; the plaintiff "is responsible for isolating and identifying the specific employment practices" that discriminated on the basis of age. *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 232 (2005). Therefore, Tuttle must establish that ALTESS used a "specific test, requirement, or practice" that adversely affected him because of his age to succeed on his claim. *Id.*

Upon review of the pleadings, briefs, and exhibits, it is clear that Tuttle has not established a claim of discrimination against ALTESS such that a reasonable jury could return a verdict in his favor. Tuttle asserts that ALTESS's use of the RESUMIX computer program alone to generate a qualified-candidate pool constitutes a pretext for its discriminatory hiring decision, Complaint, ¶¶ 22, 35, and that this discriminatory use of only the RESUMIX program in generating a qualified-candidate pool was the but for cause of Tuttle being denied the IT Supervisor position. However, the RESUMIX system did not consider age in generating the qualified-candidate pool. Indeed, ALTESS knew the ages of only five of the nine people ultimately selected by RESUMIX, and their ages were not entered into the RESUMIX program. In this case, it is uncontroverted that the RESUMIX program itself was completely age-neutral. Tuttle has submitted no evidence from which a reasonable jury could find that ALTESS somehow discriminated against Tuttle because of his age by using an *age-neutral* computer program to screen applicants.

Tuttle argues that the Court should *infer* that ALTESS discriminated against Tuttle from the fact that ALTESS used only the RESUMIX computer program in filling the IT Supervisor position as opposed to other methods which ALTESS had previously used. (Plaintiff's Resp. Br. to Motion to Dismiss, Dkt. 11 at 2–3). Tuttle argues that ALTESS should have used one of three other methods available for filling the position; either 1) a trial or probationary period allowing a candidate to perform in the new position; 2) direct hire to the new position; or, 3) internally promote a candidate to the new position through the "accretion of duties" process. Complaint, ¶ 24. However, Tuttle has proffered no affirmative evidence from which a jury could reasonably infer that the use of the patently age-neutral RESUMIX system instead of another method discriminated against Tuttle because of his age.

Defendant though has produced evidence supporting their position that their use of RESUMIX in this case was not pretextual or discriminatory. Deposition testimony by Richard Eva, the primary management official involved in this case, unequivocally states that the RESUMIX method was the only appropriate method to hire for the position at issue. (Dep. Richard Eva at 34–35, Dkt. 7). Mr. Eva states that the accretion method and trial hiring method were improper because there were multiple qualified candidates for the position. *Id.* Further, Mr. Eva stated that the direct internal hire method was unavailable for this position because it would entail a non-competitive promotion from a "band two" position to a "band three" position, which is impermissible according to ALTESS guidelines. *Id.* at 35. In considering this Motion for Summary Judgment, the Court must consider Mr. Eva's testimony on the propriety of using the RESUMIX program uncontroverted because Tuttle has failed to proffer even a scintilla of refuting evidence.

In this case, Defendant has properly supported a Motion for Summary Judgment with sworn deposition testimony by management officials establishing that ALTESS did not use the RESUMIX program as a pretext for discriminating against Tuttle, and therefore that Tuttle cannot prove his ADEA case by a preponderance of the evidence. Federal law requires Tuttle to proffer affirmative fact-based evidence establishing that a reasonable fact finder, considering the evidence in the summary judgment record, could find in his favor. *Anderson,* 477 U.S. at 257; *Celotex,* 477 U.S. at 322. Tuttle has not done this. Because Tuttle has failed to demonstrate that there is a genuine issue of material fact as to Count One of his complaint, summary judgment is proper.

### B. Retaliation Claim

#### 1. ALTESS's Use of RESUMIX Program

The ADEA also makes it unlawful for employers "to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. § 623(a)(2) (2008). Tuttle alleges that ALTESS management violated this provision by generally ostracizing him after he filed his first EEO complaint. Complaint, ¶ 37. Tuttle further alleges that ALTESS management violated this provision by using *only* the RESUMIX system to select a candidate for the Supervisory IT position. Complaint, ¶ 52. To establish a *prima facie* case of retaliation on his assertion that using only the RESUMIX system was a means of retaliation, Tuttle must demonstrate that 1) he engaged in a protected activity, 2) that Defendant took adverse action against him, and 3) that a causal relationship existed between the protected activity and the adverse employment activity. *Price v.*

*Thompson*, 380 F.3d 209, 212 (4th Cir. 2004) (citing *King v. Rumsfeld*, 328 F.3d 145, 150–51 (4th Cir. 2003), *cert. denied*, 540 U.S. 1073 (2003)).

To support its motion for summary judgment, Defendant has proffered the deposition testimony of Melissa Brooks, the Human Resource Specialist responsible for the vacancy at issue, taken during the factfinding in Tuttle's second EEO case. Ms. Brooks was responsible for inputting the vacancy information and job description into the RESUMIX system and obtaining the "required" and "desired" skills from ALTESS management. Ms. Brooks testified that she did not know Tuttle, did not know of Tuttle's previous EEO case, and only learned of it *after* RESUMIX had selected a pool of candidates. (Dep. Melissa Brooks at 178–79, Dkt. 7). This evidence tends to show that because the person responsible for handling this vacancy neither knew Tuttle nor knew of his previous EEO complaint, Defendant did not retaliate against Tuttle. As with Mr. Eva's testimony, the Court must consider Ms. Brooks' testimony as to the lack of connection between her administration of the RESUMIX program and Tuttle's previous EEO complaint uncontroverted because Tuttle has failed to refute this evidence.

Because the administration of the RESUMIX program itself was not retaliatory, to survive summary judgment, Tuttle must provide some factual basis from which a reasonable jury could conclude that ALTESS's decision to use the RESUMIX program as the method of selecting a candidate for the IT Supervisor position was motivated by retaliation. However, Tuttle has not established that there is a genuine issue of material fact regarding ALTESS's motivation for using the RESUMIX program. Rather, Tuttle has rested on the allegations in his complaint and has provided no further factual support for his contentions from which a reasonable jury could conclude that ALTESS's decision to use the RESUMIX program was retaliatory. Because Tuttle has failed to demonstrate that there is a genuine issue of material fact

as to ALTESS's decision to use the RESUMIX program in filling the IT Supervisor position, summary judgment is proper on that issue.

### 2. ALTESS's Ostracizing Tuttle

Tuttle alleges that ALTESS management excluded him from meetings and denied him critical information necessary to perform his job. Once again though, Tuttle has proffered no factual basis for these allegations in the form of deposition testimony, affidavit, or other sworn statement. Rather, Tuttle rests on the allegations in his complaint. Tuttle argues to the Court that his cross-examination of the deponents in the EEO factfinding report suffices to create a genuine issue of material fact. However, none of the answers elicited by Tuttle on cross-examination lends support to his contention that ALTESS management ostracized him in retaliation for his first EEO complaint. Had the deponents' testimony produced evidence from which a reasonable jury could find that ALTESS retaliated against Tuttle, summary judgment would be improper. But the unrefuted testimony states that there was no retaliation. Because the record currently before the Court does not support a claim of retaliation, summary judgment must be entered for Defendant.

## IV. Conclusion

In sum, the Court finds that Tuttle has failed to offer sufficient evidence from which a reasonable jury could find either unlawful discrimination or retaliation. Accordingly, it is hereby **ORDERED** that Defendant's Motion to Dismiss (Docket No. 3), properly construed as a Motion for Summary Judgment, is **GRANTED** in its entirety. The Clerk of Court is directed to send a copy of this Memorandum Opinion and accompanying Final Order to Plaintiff and counsel of record for the Defendant.

**ENTER**: This 2nd day of November, 2010.

_/s/ James C. Turk_
Hon. James C. Turk
Senior United States District Judge